**Opinion issued February 7, 2013**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-10-01104-CR

—————————————

## DENNIS DEAN FOREMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 232nd District**
**Harris County, Texas**
**Trial Court Case No. 1282564**

---

## MEMORANDUM OPINION

A jury found appellant, Dennis Dean Foreman, guilty of the first-degree felony offense of aggravated assault by causing serious bodily injury to a family member with a deadly weapon and assessed punishment of life in prison and a fine

of $10,000. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). Foreman timely filed a notice of appeal.

Foreman's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that therefore the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We affirm the trial court's judgment and grant counsel's motion to withdraw.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id*. at 407. Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id*.

We may not grant the motion to withdraw until:

(1)    the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a pro se brief within 30 days, and he has ensured that his client has, at some point, been informed of his right to file a pro se petition for discretionary review;

(2)    the attorney has informed us that he has performed the above duties;

(3)    the defendant has had time in which to file a pro se response; and

(4)    we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id.* at 408–09.  If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment.  *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978).  Counsel discusses the evidence, supplies us with references to the record, and provides us with citation to legal authorities.  Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, Foreman contends that: (1) the trial court erred by not instructing the jury about parole; (2) the court abused its discretion by admitting evidence of extraneous offenses; (3) the prosecutor's jury argument was improper; and (4) his trial counsel was ineffective for failing to file a motion for new trial,

3

failing to object to the admission of extraneous offense evidence, failing to object to the prosecutor's jury argument, and allegedly advising him not to accept a plea bargain for 30 years in prison.

We have independently reviewed the entire record, and we conclude that no reversible error exists, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner*, 300 S.W.3d at 767 (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We grant counsel's motion to withdraw[1] and affirm the trial court's judgment. Attorney J. Sidney Crowley must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).